# IN THE SUPREME COURT OF IOWA

No. 114 / 05-0161

Filed March 16, 2007

**ROBIN OLSON,**

　　Appellee,

vs.

**SCOTT SUMPTER,**

　　Appellant.

---

Appeal from the Iowa District Court for Fremont County, Charles L. Smith, Judge.

The district court granted the plaintiff's motion for new trial on the ground that jury instructions on plaintiff's unreasonable failure to mitigate damages were erroneous. **REVERSED AND REMANDED.**

Joseph D. Thornton of Smith Peterson Law Firm, Council Bluffs, for appellant.

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellee.

**HECHT, Justice.**

The district court concluded the jury was improperly instructed on the subject of Olson's alleged unreasonable failure to mitigate her damages in this personal injury case and granted Olson's motion for a new trial. Because Olson failed, before closing arguments, to object to the mitigation instruction, a new trial should not have been granted on that ground. We therefore reverse the grant of a new trial.

## I.    *Background Facts and Proceedings.*

Robin Olson and Scott Sumpter were neighbors in Hamburg, Iowa. Olson backed her car out of her driveway onto the adjacent street. Within seconds after she changed gears and began moving forward on the street, Sumpter backed his car out of his driveway. The rear of Sumpter's car collided with the passenger-side rear of Olson's car. Olson sued Sumpter alleging Sumpter's negligence caused personal injuries and property damage. Sumpter denied liability and, as an affirmative defense, alleged Olson's fault[1] was a proximate cause of her claimed damages. *See* Iowa Code § 668.1 (2003) (defining "fault").

The case was tried to a jury. The district court provided the parties with proposed jury Instructions 14, 15, 16, and 17, addressing the subject of comparative fault. Instructions 14, 15, and 16 addressed Olson's alleged fault in failing to keep a proper lookout at the time of the accident.[2]

---

[1]Sumpter expressly alleged Olson was at fault in failing to (1) wear a seat safety belt or harness and (2) keep a proper lookout. The question of what percentage of fault, if any, should be allocated to Olson as a consequence of her failure to wear a seatbelt was not submitted to the jury because the parties resolved that issue by pretrial stipulation.

[2]Instruction 14 provided:

Damages may be the fault of more than one person. In comparing fault, you should consider all of the surrounding circumstances as shown by the evidence, together with the conduct of the plaintiff and defendant and the extent of the causal relation between their conduct and the damages

Instruction 17 dealt with Sumpter's allegation that Olson failed to mitigate

her damages.[3]   When asked whether the plaintiff had objections to the

_____

claimed.  You should then determine what percentage, if any, each person's
fault contributed to the damages.

Instruction 15 provided:

After you have compared the conduct of all parties, if you find the plaintiff,
Robin Olson, was at fault and the plaintiff's fault was more than 50% of the
total fault, the plaintiff, Robin Olson, cannot recover damages.  However, if
you find the plaintiff's fault was 50% or less of the total fault, then I will
reduce the total damages by the percentage of plaintiff's fault.

Instruction 16 provided:

The defendant claims the plaintiff was at fault in the following particular(s):
Failure to keep a proper lookout.

These grounds of fault have been explained to you in other instructions.

The defendant must prove both of the following propositions:

1.      The plaintiff was at fault.  In order to prove fault, the defendant must
prove plaintiff failed to keep a proper lookout.
2.      The plaintiff's fault was a proximate cause of the plaintiff's damage.

If the defendant has failed to prove either of these propositions, the
defendant has not proved his defense.  If the defendant has proved both of
these propositions, then you will assign a percentage of fault against the
plaintiff and include the plaintiff's fault in the total percentage of fault found
by you answering the special verdicts.

[3]Instruction 17 provided:

Defendant claims plaintiff was at fault for failing to mitigate her damages by
not exercising ordinary care to obtain reasonable medical treatment.

Plaintiff has a duty to exercise ordinary care to reduce, minimize or limit her
damages.   However, plaintiff has no duty to do something that is
unreasonable under the circumstances, such as undergo serious or
speculative medical treatment or undertake action which imposes
unreasonable inconvenience.

To prove defendant's claim of failure to mitigate, he must prove all of the
following:

1.      There was something plaintiff could to [sic] do mitigate her damages;
2.      Requiring plaintiff to do so was reasonable under the circumstances;

proposed instructions, Olson's counsel made no express reference to Instruction 17 or the subject of mitigation and did not object to the verdict form. Olson's counsel said, "Your Honor, for the record, I would object to Instruction Number 14 and 15, 16 [sic] in that I don't think there is sufficient evidence to go to the jury on the fault of the plaintiff, Robin Olson." The district court overruled the objection, instructed the jury on the law, and submitted the case to the jury.

Question three on the verdict form directed the jury to decide whether the plaintiff was at fault. During its deliberations, the jury asked the court for clarification of that question: "In the verdict form on question 3 does the subject of 'fault' refer to the actual accident? [O]r the personal injuries?" The record contains no stenographic record of a colloquy between the court and counsel with reference to the jury's inquiry. The district court responded, "Question #3 refers to the issue of all fault alleged by the defendant. Please re-read the instructions."

The jury returned a verdict allocating sixty percent of the fault to Olson and the remaining forty percent to Sumpter, barring Olson from recovery. *See id.* § 668.3 (barring recovery where "a claimant bears a greater percentage of fault than the combined percentage of fault attributed to the defendants"). Olson filed a motion for new trial asserting the district

---

3. Plaintiff acted unreasonably in failing to undertake the mitigating activity; and
4. Plaintiff's failure to undertake the mitigating activity proximately caused an identifiable portion of her damages.

If the defendant has proved all of these numbered propositions, then defendant has proved this defense, and you shall assign a percentage of fault to the plaintiff for the time period after the failure to mitigate. This amount will be used in answering the special interrogatory in the verdict. If the defendant has failed to prove one or more of these numbered propositions, then defendant has not proved plaintiff failed to mitigate her damages.

court erred in failing to employ separate verdict forms that would have required the jury to allocate plaintiff's fault, if any, between periods before and after the alleged failure to mitigate commenced[4] and in giving an erroneous additional instruction in response to a question from the jury.[5] Olson's posttrial motion further asserted the jury's verdict allocating sixty percent of the fault to Olson was not supported by substantial evidence.[6] The district court sustained Olson's motion for new trial, concluding it had failed to "properly instruct the jury on the issue of defendant's claim that the plaintiff failed to mitigate her damages by failure to follow medical orders."

On appeal, Sumpter contends the district court's grant of a new trial should be reversed and the jury's verdict reinstated because Olson "failed to preserve error." In support of this contention, Sumpter notes that Olson failed to make a specific and timely objection to (1) jury Instruction 17, (2) the form of the jury verdict, and (3) the sufficiency of the evidence to support the submission of mitigation as a component of Olson's comparative fault. Sumpter further asserts the jury's verdict allocating sixty percent of the total fault to Olson is supported by substantial

---

[4]In *Greenwood v. Mitchell*, 621 N.W.2d 200, 208 (Iowa 2001), we suggested that the allocation of plaintiff's fault for failure to mitigate damages would best be handled in the event of a retrial through the "use of separate verdict forms for the period prior to the plaintiff's alleged failure to mitigate and for the period that includes the plaintiff's alleged failure to mitigate."

[5]Although not a model of clarity on this point, we interpret Olson's posttrial motion as an assertion that the additional instruction failed to clearly inform the jury that fault could be attributed to Olson for unreasonable failure to mitigate only for the period after the failure to mitigate commenced.

[6]Olson's posttrial motion contended the evidence was insufficient to allocate fault to Olson "in regard to the actual accident" and noted Sumpter's failure to produce expert testimony tending to prove any unreasonable failure to mitigate damages was a proximate cause of an identifiable portion of Olson's claimed damages.

evidence. In response, Olson claims her challenges to the mitigation instruction, the jury verdict form, and the sufficiency of the evidence to support the submission of mitigation as a component of comparative fault were timely because (1) the court's response to the jury's question was an addition to the instructions, which may be challenged for the first time in a motion for new trial, and (2) as plaintiff, Olson had no obligation to object to the absence of separate verdict forms because the comparative fault defense was asserted by Sumpter. Olson further asserts the district court properly granted a new trial in this case because the evidence was insufficient to engender a jury question on Olson's alleged comparative fault.

## II. Discussion.

### A. Scope of Review.

" 'The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion.' " *Richards v. Anderson Erickson Dairy Co.*, 699 N.W.2d 676, 678 (Iowa 2005) (quoting *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001)). If the motion for a new trial was " 'based on a discretionary ground, we review it for an abuse of discretion.' " *Id.* (quoting *Roling v. Daily*, 596 N.W.2d 72, 76 (Iowa 1999)). If the ruling granting a new trial was prompted by a motion based on a legal question, as in this case, our review is for errors at law. *Id.* at 680.

### B. Waiver of Objections to Instruction 17 and the Jury Verdict Form.

We begin with Sumpter's contention that Olson did not preserve error on her claims for the district court's posttrial consideration. Generally, under Iowa Rule of Civil Procedure 1.924, error in jury instructions is waived if not raised before closing arguments are made to the jury. *See*

Iowa R. Civ. P. 1.924 (stating that objections to jury instructions must be made and ruled on before arguments to the jury and that "[n]o other . . . objections shall be asserted thereafter, or considered on appeal"); *Julian v. City of Cedar Rapids*, 271 N.W.2d 707, 708-09 (Iowa 1978) (reversing the district court's grant of a new trial on grounds not raised before submission of instructions to the jury); *Peterson v. First Nat'l Bank of Iowa*, 392 N.W.2d 158, 161 (Iowa Ct. App. 1986) (same).

Olson failed to expressly object to Instruction 17 or the jury verdict form before closing arguments. Although her counsel did make a timely objection to Instructions 14, 15, and 16, noting that he did not "think there is sufficient evidence to go to the jury on the fault of the plaintiff," we conclude that objection did not suffice to avoid waiver of Olson's posttrial challenge to Instruction 17 and the verdict form. Even a timely objection to jury instructions will not avoid waiver of error if the objection is not sufficiently specific. The objecting party must "specify[] the matter objected to and on what grounds." Iowa R. Civ. P. 1.924. The objection must be " 'sufficiently specific to alert the trial court to the basis of the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury.' " *Boham v. City of Sioux City*, 567 N.W.2d 431, 438 (Iowa 1997) (quoting *Moser v. Stallings*, 387 N.W.2d 599, 604 (Iowa 1986)). And if the objection assails the "sufficiency of the evidence supporting an instruction," it "must specify that portion of the instruction lacking evidentiary support and the particular factual deficiency." *Id.* (holding that a general objection that the evidence was insufficient to submit various instructions to the jury was not adequate to alert the district court to the contention on appeal that the evidence was insufficient to submit pre-death damages to the jury). When measured against these well-established

principles, Olson's objection to Instructions 14, 15, and 16 was clearly inadequate to alert the district court to the substance of her alternative posttrial claims that (1) the mitigation defense should not have been submitted to the jury as a component of comparative fault, and (2) the district court erred in failing to employ separate jury verdict forms as suggested by our decision in *Greenwood v. Mitchell*, 621 N.W.2d 200, 208 (Iowa 2001).

Olson contends her failure to make a specific objection to Instruction 17 and the jury verdict form before closing arguments is excused by Iowa Rule of Civil Procedure 1.924. That rule allows a party to first raise in a motion for new trial an objection to a revised or added jury instruction given by the district court after closing arguments. As we have already noted, Olson's motion for new trial asserted that the district court's response to the jury's question was erroneous because it failed to inform the jury that a percentage of fault for failure to mitigate damages could be assigned to Olson only for the time period after any failure to mitigate commenced. We assume without deciding that the court's answer to the jury's question was an "added" instruction and that Olson could raise a timely objection to it in her motion for new trial under rule 1.924. But under the circumstances presented in this case, Olson's timely posttrial objection to the court's added instruction was without merit.

The added instruction was completely consistent with the instructions given by the court to the jury without objection before the jury began its deliberations. Instruction 17 informed the jury that "fault" would include any failure by Olson to mitigate her damages. The court's added instruction merely reconfirmed this for the jury. Instruction 17 had also already informed the jury that a percentage of fault could be allocated to

Olson for any failure to mitigate damages during "the time period after the failure to mitigate." It was therefore unnecessary to restate that temporal limitation in the additional instruction that was given in response to the jury's question. We find no error in the additional instruction and must reject Olson's effort to utilize a posttrial motion to resurrect error that was waived by her failure to object before closing arguments to the sufficiency of the evidence to support the mitigation instruction and the adequacy of the jury verdict form.

Olson also contends on appeal that her failure to object before closing arguments to Instruction 17 and the verdict form did not waive error because the comparative fault defense was asserted by Sumpter. Olson cites no authority for this novel proposition, and we therefore do not consider it. *See* Iowa R. App. P. 6.14(1)(*c*).

Because Olson failed in advance of closing arguments to object to jury Instruction 17, the jury verdict form, and the sufficiency of the evidence of her unreasonable failure to mitigate damages, the district court erred in granting a new trial as a consequence of the failure to properly instruct the jury on Sumpter's mitigation defense.

C. *Sufficiency of the Evidence of Comparative Fault.*

Olson urges us to affirm the grant of a new trial because the jury's verdict attributing to her sixty percent of the total fault is not supported by substantial evidence. Although the district court's posttrial ruling was not based on insufficiency of the evidence supporting the jury's allocation of fault to the parties, we may uphold the ruling on any ground raised in the district court. *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002). As we have noted above, Olson did articulate a timely challenge to the sufficiency of the evidence supporting Instruction 16, which addressed Sumpter's claim that

Olson was at fault for failing to keep a proper lookout. We therefore now consider whether the grant of a new trial was appropriate for a reason raised by Olson, but not relied on by the district court.

If a jury verdict is not supported by sufficient evidence and fails to effectuate substantial justice, a new trial may be ordered. *Bredberg v. Pepsico, Inc.*, 551 N.W.2d 321, 326 (Iowa 1996). In this case, the jury's verdict allocating sixty percent of the fault to Olson is supported by sufficient evidence. Olson testified that she noticed Sumpter's car in his driveway before backing her car onto the street. She further testified that she did not see Sumpter's car moving backward on his driveway before the collision. After a careful review of the record, we conclude the jury's allocation to Olson of sixty percent of the causative fault is supported by sufficient evidence in the record. Accordingly, we must reject Olson's contention that the grant of a new trial should be affirmed for the reason that the evidence of her fault is insufficient to support the jury's verdict.

### III. Conclusion.

Olson failed in advance of closing arguments to object to jury Instruction 17, the jury verdict form, and the sufficiency of the evidence of her unreasonable failure to mitigate her damages. Accordingly, Olson waived any error as to the mitigation defense and the verdict form and is not entitled to a new trial for the reason articulated by the district court. The district court's additional instruction given in response to the jury's question was consistent with the substance of the instructions given before deliberations commenced. It was not erroneous and did not resurrect any instructional error that was waived by Olson's failure to object to Instruction 17 and the verdict form. Because we find substantial evidence supports the jury's allocation of sixty percent of the causative fault to

Olson, the grant of a new trial cannot be sustained on the alternative ground of insufficiency of the evidence of Olson's fault. We therefore reverse and remand for entry of judgment based on the jury's verdict.

**REVERSED AND REMANDED.**

All justices concur except Appel, J., who takes no part.