# IN THE COURT OF APPEALS OF IOWA

No. 17-0043
Filed September 27, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SEAN MICHAEL FOLEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton

Ploof, District Associate Judge.

Sean Foley appeals his conviction of assault on a person engaged in a

certain occupation. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Sean Foley was arrested for allegedly attempting to bite a fully-uniformed police officer. He was subsequently charged by trial information with assault on a person engaged in a certain occupation, a serious misdemeanor. *See* Iowa Code §§ 708.1, .3A(4) (2016). A jury found him guilty as charged. Foley appealed his conviction following the imposition of sentence. He contends (1) the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a guilty verdict and (2) the district court's answer to the jury's question on an instruction was an incorrect statement of the law.

**I.      Error Preservation**

As a preliminary matter, the State contests error preservation on both of Foley's arguments on appeal. We consider the viability of Foley's appellate arguments in turn.

*A.      Sufficiency of the Evidence*

On appeal, Foley argues the evidence was lacking to support the element that he intended to commit an assaultive act. *See id.* § 708.1(1), (2). At the close of the State's evidence, defense counsel moved for judgment of acquittal, simply stating, "[T]here hasn't been sufficient evidence to find Mr. Foley guilty of this offense." The district court denied the motion. Our supreme court has "emphasized that in order to preserve error on a motion to acquit, the defendant must specifically identify the elements for which there was insufficient evidence." *State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013). Because the intent

element was not specifically identified as unsupported by the evidence, Foley's generic motion for judgment of acquittal would normally be insufficient to preserve error. *See, e.g.*, *id.*; *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) (holding error not preserved where motion for judgment of acquittal does not point out the specific deficiencies in the evidence); *State v. Mathews*, No. 16-0973, 2017 WL 3283289, at *2 (Iowa Ct. App. Aug. 2, 2017) (same); *State v. Dahlheimer*, No. 10-1311, 2011 WL 3115846, at *2 (Iowa Ct. App. July 27, 2011) ("A general motion for judgment of acquittal does not preserve error on specific deficiencies.").

However, there is "an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and understood by the trial court and counsel." *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005). We think that exception applies here. The State was required to prove three elements: (1) Foley committed an act which was intended to do any of the following: (a) cause pain or injury to another, (b) result in physical contact which will be insulting or offensive to another, or (c) place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive; (2) he had the apparent ability to do the act; and (3) he knew the subject of the act was a peace officer. *See* Iowa Code §§ 708.1, .3A(4). Elements two and three were not in dispute, and the parties implicitly conceded as much in their opening statements and closing arguments. The only issue was whether Foley intended to commit an act that amounted to assault.

The record makes obvious Foley's motion was based on the element he now challenges on appeal. We conclude error was preserved. *See Williams*, 695 N.W.2d at 27–28.

### B.     Supplemental Jury Instruction

Foley argues on appeal that the district court's answer to the jury's question on an instruction was an incorrect statement of the law. During deliberations, the jury sent the court a written request for clarification on the first element of the charged crime. The court proposed an answer to the question. Foley objected to the proposed answer and requested the court return the jury instruction unanswered, arguing the original instruction was "clearly worded . . . , without any amendment." The court overruled the objection and submitted the proposed answer to the jury. The proposed answer amounted to a supplemental jury instruction.

"The rules relating to the instruction of juries in civil cases shall apply to the trial of criminal cases." Iowa R. Crim. P. 2.19(5)(f). "Even a timely objection to jury instructions will not avoid waiver of error if the objection is not sufficiently specific." *Olson v. Sumpter*, 728 N.W.2d 844, 848 (Iowa 2007). "The objection must be 'sufficiently specific to alert the trial court to the basis of the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury.'" *Id.* at 849 (quoting *Boham v. City of Sioux City*, 567 N.W.2d 431, 438 (Iowa 1997); *accord* Iowa R. Civ. P. 1.924 (requiring an objection to a jury instruction to "specify[] the matter objected to and on what grounds"). Foley's objection to the supplemental jury instruction was inadequate to alert the

district court to the argument he now raises on appeal, that the supplemental instruction was a misstatement of the law. *See Olson*,728 N.W.2d at 848–49; *see also State v. Wilson*, No. 08-1040, 2009 WL 1913695, at *1 (Iowa Ct. App. July 2, 2009). Nor did Foley raise this argument in a motion for a new trial. *See* Iowa R. Civ. P. 1.924 ("[I]f the court thereafter revises or adds to the instructions, similar specific objection to the revision or addition may be made in the motion for a new trial, and if not so made shall be deemed waived.").

We conclude error was not preserved on this issue, and we therefore do not consider it.[1] *See id.* ("No other grounds or objections shall be . . . considered on appeal.").

## II.     Standard of Review

"We review challenges to the sufficiency of evidence for correction of errors at law." *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). A verdict will stand if supported by substantial evidence. *Id.* "Evidence is substantial when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt." *Id.* The evidence is to be viewed "in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (quoting *Williams*, 695 N.W.2d at 27). We consider all of the evidence, "not just the evidence supporting guilt." *Id.*

---

[1] We note Foley does not argue on appeal that counsel was ineffective in failing to preserve this issue for our review. Instead, he "specifically retains any claims he may have regarding ineffective assistance of counsel or any other post-conviction relief matters."

### III.   Discussion

Foley's sole argument on this issue is that the evidence was insufficient to support a finding that he intended or attempted to bite the police officer. At trial, a police officer testified that during an exchange with Foley, in which she was escorting him to her squad car while he was in handcuffs, Foley "made several attempts to bite [her] hand, and then finally came into contact . . . scrap[ing] his upper teeth along the palm of [her] left hand." A video of the exchange captured by the officer's squad car camera, which was shown to the jury, depicts an aggressive Foley struggling with the officer, although it is unclear from the video whether or not Foley attempted to bite the officer. However, the video also includes the officer's statement shortly after the exchange that Foley tried to bite her.

Another witness testified Foley struggled with the officer and when the officer tried to secure him, Foley "buck[ed] his head back and forth" and "move[d] his mouth down to her hands, and his chin towards her hands." This witness did not see Foley "actually bite down on" the officer, but she "did see him move his head all the way down towards her hand, and then afterwards [the officer] did indicate that there was a bite."

Viewing the evidence in the light most favorable to the State, we conclude this evidence is sufficient to convince a rational trier of fact that Foley was guilty beyond a reasonable doubt. We conclude the district court did not err in denying Foley's motion for judgment of acquittal.

**IV.    Conclusion**

We conclude Foley's argument that the district court's answer to the jury's question on an instruction was an incorrect statement of the law was not preserved for our review.  Although Foley did preserve error on his sufficiency-of-the-evidence claim, we conclude the verdict was supported by substantial evidence and affirm the district court's denial of Foley's motion for judgment of acquittal.

**AFFIRMED.**