**IN THE COURT OF APPEALS OF IOWA**

No. 17-1432
Filed November 21, 2018

**REBECCA COFFIN,**
    Plaintiff-Appellee,

**vs.**

**BRENNA CHRISTINE DOHERTY,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Brenna Doherty appeals the district court decision granting a new trial based on an erroneously given jury instruction. **AFFIRMED.**


Stephen E. Doohen of Whitfield & Eddy, PLC, Des Moines, for appellant.

Bruce J. Toenjes of Nelson & Toenjes, Shell Rock, for appellee.


Heard by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Brenna Doherty appeals an order for new trial granted to Rebecca Coffin following a jury verdict finding Doherty was not at fault for an automobile accident. The district court granted a new trial, finding it had committed reversible error by submitting an instruction on the legal excuse of sudden emergency. Reviewing the evidence in the light most favorable to Doherty, we find the instruction was not supported by the evidence. We affirm the district court's order for a new trial.

## I.     Background Facts & Proceedings

On April 18, 2014, a four-vehicle automobile accident occurred on Interstate 35 near Ankeny. The front vehicle, driven by Coffin, was braking and slowing to a stop after noticing emergency lights and some brake lights ahead. Coffin saw a vehicle approaching from behind very quickly as she applied her brakes. She was struck from behind by a vehicle driven by Rebecca Ruther, went into a spin, and then was clipped by a vehicle driven by Cody Dobson.[1] Doherty was driving immediately behind Ruther and veered to the left but hit the back end of Ruther's vehicle.[2]

A question of fact of who struck first went to the jury—whether the vehicle driven by Doherty struck Ruther before or after Ruther's vehicle hit Coffin. Coffin makes no claim Doherty's vehicle hit her vehicle directly. Doherty testified she

---

[1]   The officer's narrative placed Coffin in front of Dobson's car, with Doherty's strike of Ruther sending Ruther's vehicle into the right lane to strike Coffin. Dobson testified he saw Doherty hit Ruther, then Ruther hit Coffin, but he was directly behind Doherty and all four of vehicles were in the left lane. Doherty testified Coffin and Ruther were in the same lane ahead of her.

[2]   Ruther provided a recorded statement that Doherty impacted her vehicle and sent her into the right lane, where she struck Coffin's vehicle. This statement was excluded as inadmissible hearsay, and Ruther did not testify and was not deposed prior to trial.

swerved toward the median after seeing Ruther's vehicle strike Coffin and come to a "dead stop" with no brake lights visible until after the collision. Doherty "clipped" Ruther as she swerved. Doherty testified she did not swerve farther left because she was afraid of rolling her vehicle on the slope of the median.

Doherty's vehicle sustained only cosmetic damage to the front passenger side. Ruther's vehicle sustained significant front driver side damage and rear bumper damage. Coffin's vehicle sustained damage to the rear bumper, undercarriage, and rear door, with additional damage to the front bumper. Dobson's vehicle sustained minor damage, but was drivable.

Doherty was issued a citation for violation of Iowa Code section 321.285 (2014), failure to stop in assured clear distance. She appeared and pleaded guilty to the citation on May 5, 2014. Doherty's insurance carrier informed Coffin via letters dated April 28 and June 5, 2014, that their investigation indicated Ruther was the party at fault for Coffin's damages.

On April 5, 2016, Coffin filed suit against Doherty, alleging Doherty was negligent in causing the accident and the negligence caused injuries and damages. Instructions regarding legal excuse and sudden emergency were among the directions provided to the jury following a two-day trial. The jury returned a unanimous verdict finding Doherty was not at fault.[3] On April 12, the court entered judgment in favor of Doherty and dismissed the case.

On April 26, Coffin filed a motion for new trial, claiming the court should not have included jury instructions relating to legal excuse, sudden emergency, and

---

[3] The verdict form did not specify what accident Doherty would have been at fault for—just the striking of Ruther, or also for Ruther striking Coffin.

other grounds. The court heard arguments on July 7, and on August 7 entered a written order granting the motion for new trial. The court stated "A stop in traffic is not an uncommon or unforeseen event on the traveled roadway and, therefore, is not a sudden emergency," finding it was an error of law under *Beyer v. Todd*, 601 N.W.2d 35 (Iowa 1999), to have included the sudden emergency instruction requested by Doherty. The court did not rule on the other grounds raised by Coffin.

Doherty appeals.

## II.     Standard of Review

The scope of appellate review in a ruling on a motion for new trial depends on the grounds of the motion. *Winger v. CM Holdings, L.L.C.*, 881 N.W.2d 433, 445 (Iowa 2016). "If the ruling granting a new trial was prompted by a motion based on a legal question, as in this case, our review is for errors at law." *Olson v. Sumpter*, 728 N.W.2d 844, 848 (Iowa 2007). "We are slower to interfere with the grant of a new trial than with its denial." *Bryant v. Parr*, 872 N.W.2d 366, 375 (Iowa 2015) (quoting *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990)). "Challenges to jury instructions are reviewed for correction of errors at law." *Burkhalter v. Burkhalter*, 841 N.W.2d 93, 97 (Iowa 2013). "We must determine whether the jury instructions presented 'are a correct statement of the applicable law based on the evidence presented.'" *Koenig v. Koenig*, 766 N.W.2d 635, 637 (Iowa 2009) (quoting *Le v. Vaknin*, 722 N.W.2d 412, 414 (Iowa 2006)).

## III.     Error Preservation

"Generally, under Iowa Rule of Civil Procedure 1.924, error in jury instructions is waived if not raised before closing arguments are made to the jury." *Olson*, 728 N.W.2d at 848. The objection must be "sufficiently specific to alert the

trial court to the basis of the complaint so that if error does exist the court may correct it before placing the case in the hands of the jury." *Lynch v. Saddler*, 656 N.W.2d 104, 110–11 (Iowa 2003) (quoting *Boham v. City of Sioux City*, 567 N.W.2d 431, 438 (Iowa 1997)). No grounds or objections not made before the case goes to the jury can be considered on appeal. Iowa R. Civ. P. 1.924.

Here, Coffin objected to the use of the sudden emergency instruction in a motion in limine, in discussions with the court before trial, and when reviewing the jury instructions before the case went to the jury. The motion in limine claimed the sudden emergency doctrine does not apply when the collision is caused by slowing traffic in front of the party. The court then specifically considered whether the instruction was proper to give to the jury within the context of the circumstances of the case. The requirement for specificity in an objection to a jury instruction is to put the court on notice of potential errors in the instructions. *See Olson*, 728 N.W.2d at 849. While counsel should have raised the specific objection during the colloquies on the motion and jury instructions, the record shows the court had sufficient notice of Coffin's legal argument for error to be preserved.

## IV.     Merits

"Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016) (quoting *Sonnek v. Warren*, 522 N.W.2d 45, 47 (Iowa 1994)). "Error in giving a jury instruction 'does not merit reversal unless it results in prejudice.'" *Burkhalter*, 841 N.W.2d at 97 (quoting *Wells v. Enter. Rent-A-Car Midwest*, 690 N.W.2d 33, 36 (Iowa 2004)). "In reviewing whether a sudden emergency instruction was properly submitted, we

view the evidence in the light most favorable to the party asserting the defense." *Hagenow v. Schmidt*, 842 N.W.2d 661, 670 (Iowa 2014), *overruled on other grounds by Alcala*, 880 N.W.2d at 708 n.3. We need not decide whether sudden emergency did exist; we only determine whether submitting an instruction on the legal excuse of sudden emergency constituted reversible error.

The district court considered whether to include the legal excuse and sudden emergency instructions multiple times throughout the case. During a pretrial colloquy on motions in limine, Doherty explained the relevant sudden emergency consisted of Ruther's vehicle striking Coffin directly in front of Doherty, resulting in a sudden stop at highway speeds without brake lights to indicate slowing to Coffin. The court questioned how the instruction would matter if the defense theory was Ruther striking first, and Doherty agreed it might be redundant. Coffin argued Doherty's citation served as res judicata regarding fault, precluding the sudden emergency defense.[4] The court found Doherty's testimony of actual innocence to the traffic violation raised a fact question for the jury.

Given the facts as pleaded in this case, we find the sudden emergency instruction did not apply.[5] The only sudden emergency Doherty argued before the jury for consideration was Ruther's vehicle striking Coffin without warning, and Doherty's reaction from the accident in front of her was to swerve and clip Ruther's vehicle. Doherty made no claim that the general slowing and stopping of traffic

---

[4] The citation could only serve as res judicata for Doherty striking Ruther, it provides no evidence as to whether Doherty was at fault for Ruther striking Coffin.

[5] The instruction may have applied had Coffin claimed that if Doherty's impact with Ruther occurred after Ruther struck Coffin, it had worsened or caused a second strike from Ruther as part of a chain reaction.

constituted a sudden emergency causing her to strike Ruther. Coffin's counsel expressly told the jury slowing traffic and distracted driving do not constitute sudden emergency or a legal excuse. The jury could not have reached application of the sudden emergency instruction without the Ruther–Coffin accident occurring first, requiring Doherty to swerve suddenly and clip Ruther and precluding a finding of Doherty being at fault for Coffin's accident. We conclude the instruction does not apply under the facts of this case and the court should not have given the instruction to the jury.

Error in giving a jury instruction does not merit reversal unless it caused prejudice. *Burkhalter*, 841 N.W.2d at 97; *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989). "[I]nstructions should not give undue emphasis to any phase of the case favorable to either side, and even correct statements of the law, if repeated to the point of undue emphasis, may constitute reversible error." *Rosenau v. City of Estherville*, 199 N.W.2d 125, 133 (Iowa 1972). "All instructions must be read together and relate to each other, not piecemeal or in artificial isolation." *Estate of Smith v. Lerner*, 387 N.W.2d 576, 581 (Iowa 1986).

The instruction as given could imply Doherty might be excused from fault even if she had been the primary cause of Ruther striking Coffin. The provision of the sudden emergency instruction may have influenced the jury by unduly emphasizing Doherty's theory of the accident or misleading them into thinking the legal excuse might apply even if Doherty were at fault. The inclusion of the instruction affected Coffin's trial strategy. We find Coffin was prejudiced by the inclusion of the sudden emergency instruction. By submitting an inapplicable instruction not supported by the record, the trial court erred. *See Rubel v. Hoffman*,

229 N.W.2d 261, 265 (Iowa 1975). The court correctly ordered a new trial omitting the sudden emergency instruction.

**AFFIRMED.**